**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald G Kipp, Jr., | No. CV-20-00167-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Jared Rardin, | |
| Respondent. | |

Pending before the Court is Petitioner's Emergency Motion for Resentencing and Order for Release from Custody. (Doc. 28.) Respondent filed a Response (Doc. 30) and Petitioner replied (Doc. 31.) The Motion is fully briefed and will be granted.

On October 26, 2022, this Court entered an Order adopting in full Magistrate Judge Rateau's Report and Recommendation (R&R) recommending that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be granted in part and denied in part. (Docs. 25, 26.) Specifically, the Court granted the Petition to the extent that it found Petitioner entitled to a resentencing without a career offender classification.[1] (*Id.*) The Court found that the law of the circuit of conviction, here, the Fifth Circuit Court of Appeals, applied to the Amended Petition, and that the Fifth Circuit's holding in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) mandated the conclusion that Petitioner lacked the requisite predicate convictions to support a career

---

[1] The Petition was denied to the extent that Petitioner argued that his supervised release enhancement was incorrectly determined.

offender designation under the applicable sentencing guidelines. (Doc. 25 at 13-14.) As a result, the Court found Petitioner's claim of actual innocence meritorious. (*Id*.) The Court did not address Petitioner's request that he be resentenced to a term of no more than 162 months[2] in prison and the parties did not brief the issue of whether this Court had jurisdiction to resentence Petitioner.

Petitioner then filed his Emergency Motion for Resentencing and Order for Release from Custody. (Doc. 28.) Petitioner argues that this Court should resentence him to 162 months in prison and order his immediate release from custody. (*Id*.) Petitioner contends that this resolution is appropriate pursuant to 28 U.S.C. § 2243, which states that a federal habeas court "shall summarily hear and determine the facts, and dispose of the matter as law and justice require." Petitioner cites to cases from the Second, Seventh, and Eleventh Circuit Courts of Appeals that have held that the court in the district where a petitioner is incarcerated may resentence him after granting a habeas petition. *See United States v. Triestman*, 178 F.3d 624, 630 (2d Cir. 1999) (district court had authority under § 2243 to dispose of habeas matter as law and justice require, to include resentencing); *Brown v. Caraway*, 719 F.3d 583, 596 (7th Cir. 2013) (remanding habeas petition for resentencing consistent with non-career offender finding); *Bryant v. Warden*, FCC-Coleman Medium, 738 F.3d 1253 (11th Cir. 2013) (discussing resentencing in context of § 2241), *overruled on other grounds by McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017). In this district, a court has resentenced a successful habeas petitioner to immediate release followed by a term of supervised release, despite that the petitioner was sentenced and incarcerated in the Middle District of Florida. *See Terry v. Shartle*, No. 4:15-cv-107-TUC-CKJ (D. Ariz. Dec. 6, 2017) (Doc. 68).

Respondent opposes Petitioner's Motion for Resentencing. (Doc. 30.) Respondent objects to resentencing Petitioner in the District of Arizona, rather than in the Western

---

[2] Respondent did not dispute that Petitioner's mandatory sentencing Guidelines range, without the career offender designation, was 130-162 months in prison. Nor do the parties dispute that Petitioner has been incarcerated longer than 162 months.

District of Texas, where he was convicted and sentenced and where he committed his crimes. (*Id.*) Respondent contends that there is no statutory or case law basis for resentencing Petitioner in this Court and cites other circuit court cases that have directed the habeas court to transfer the case to the sentencing court for resentencing. *See Guenther v. Marske*, 997 F.3d 735, 737 (7th Cir. 2021) (reversing denial of § 2241 Petition and directing transfer of case for resentencing). The Tenth Circuit Court of Appeals has held, in an unpublished decision, that a habeas court did not have jurisdiction to vacate a petitioner's sentence because § 2241 gives the district court the power to release a defendant confined in its district, but "no other power." *United States v. Rhodes*, 834 F. App'x 457, 462 (10th Cir. 2020) (citing *Fay v. Noia*, 372 U.S. 391, 430-31 (1963)).

In reply, Petitioner argues that Respondent has not identified any controlling authority that would prevent this Court from resentencing Petitioner. (Doc. 31.) Furthermore, Respondent does not dispute that Petitioner's sentence should be reduced to 162 months, nor that he has now been incarcerated for over 246 months. (*Id.*) Accordingly, Petitioner avers that a resentencing hearing is not necessary because Respondent does not dispute the proper outcome. (*Id.*) Petitioner further states that he waives his right to appear at a sentencing hearing and to an updated presentencing report if it enables him to be released from custody sooner. (*Id.*)

The Court is unpersuaded by Respondent's argument that it lacks authority to resentence Petitioner and order his immediate release. None of the cases Respondent cites mandate that this Court must transfer this matter to the Western District of Texas for resentencing. To the contrary, the Court finds that resentencing and immediate release from custody is consistent with its power to "dispose of the matter as law and justice require" under 28 U.S.C. § 2243. There is no dispute that a habeas court may order release of a prisoner whom it finds is in custody in violation of the United States Constitution.

Furthermore, in *Terry v. Shartle*, a habeas case with similar facts and legal issues, this Court ordered release of a prisoner who obtained habeas relief under § 2241. No. 4:15-cv-107-TUC-CKJ (D. Ariz. Dec. 6, 2017). In that case, the Respondent conceded that the Petitioner was actually innocent of a sentencing enhancement that had led him to receive a sentence of life imprisonment. *Id*. Having granted the § 2241 petition with respect to the petitioner's allegation that he was ineligible for the sentencing enhancement, the Court reduced the petitioner's sentence to the statutory maximum for which he was eligible. *Id*. The Court finds the same outcome appropriate here.

Accordingly,

**IT IS ORDERED** that the Emergency Motion for Resentencing and Order for Release from Custody (Doc. 28) is **granted**.

**IT IS FURTHER ORDERED** that the Petitioner shall be partially resentenced to a term of **162 months** in prison, and therefore immediately released from custody, pursuant to the October 26, 2022 Order (Doc. 26) granting in part Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that Petitioner's eight-year term of supervised release **remains intact**. Petitioner must report to the United States Probation Office of the Western District of Texas, 262 West Nueva Street, Room 1-100, San Antonio, TX, 78207 within **72 hours** of release from the Bureau of Prisons.

Dated this 25th day of January, 2023.

_____
Honorable Rosemary Márquez
United States District Judge